UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MOHAMED ALI ZAHEDI,** ) | |
| ) | |
| ) | **Case No. 1:20-cv-02712** |
| Plaintiff, ) | |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **PLUNKETT COONEY, P.C.,** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Mohamed Ali Zahedi, through counsel, for his complaint against Defendant, Plunkett Cooney, P.C., states:

### NATURE OF THE CASE

1. In connection with the collection of a consumer debt, Defendant communicated with Plaintiff and thereafter failed to provide Plaintiff with statutorily mandated disclosures in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"). Subsequently, Defendant communicated with Plaintiff and falsely represented the amount of the debt Plaintiff allegedly owed. Plaintiff brings this action to seek redress in this Court for Defendants' conduct and to recover actual damages, statutory damages, and attorney's fees and costs.

### BACKGROUND FACTS

2. Plaintiff, Mohamed Ali Zahedi ("Plaintiff" ), is a natural person who resides in Chicago, Illinois and within the jurisdictional boundaries of the United States District Court for the Northern District of Illinois.

1

3. On December 17, 2003, Plaintiff borrowed money and executed a note in the amount of $87,000.00 payable to Oak Bank (the "Note"). To secure payment of that Note, Plaintiff granted a contemporaneous mortgage lien (the "Mortgage") on his personal residence located at 6007 N. Sheridan Road, Unit 24B, Chicago, Illinois (the "Home"). The Note and Mortgage are collectively referred to herein as the "Loan."

4. Plaintiff incurred the Loan for his own personal, family or household purposes.

5. The Loan is secured by a Mortgage upon his primary and principal residence.

6. Wintrust Bank, N.A. ("Wintrust") is a national banking association organized and existing under the National Banking Act which does business in this District.

7. Wintrust is the successor by merger to Oak Bank and is the present owner of the Loan.

8. Plunkett Cooney, P.C. ("PC") is a Michigan professional corporation engaged in the practice of law in Illinois and in this District.

9. PC regularly collects consumer debts alleged to be owed to others.

10. PC uses the mail in its collection business.

11. At all times relevant here, PC acted as the agent and attorney for Wintrust.

12. Plaintiff is a "consumer" as that term is defined by applicable federal and state statutes. Plaintiff is a natural person from whom PC sought to collect a debt incurred for personal, family, or household purposes. Here the debt was alleged to have been a residential loan secured by the Plaintiff's primary and principal residence which was incurred by Plaintiff for personal, family, or household purposes.

13. PC is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6), because, as set forth herein, it attempted to collect from Plaintiff the Loan on behalf of Wintrust.

14. PC a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6), because it uses the mails to regularly collect debts owed to others.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises the FDCPA.

16. Venue lies in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## SUMMARY OF CLAIMS

17. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with attempts to collect a debt.

18. Plaintiff asserts claims against PC for multiple violations of the FDCPA.

## ADDITIONAL FACTS

19. On March 19, 2020, attorney James Crowley, an attorney with PC, sent an email to Plaintiff in connection with the Loan and in an attempt to collect that debt. A true and correct copy of this email is attached as *Exhibit 1*.

20. Exhibit 1 is an "initial communication" with a consumer, Plaintiff, in connection with the collection of a debt, the Loan, as defined by §1692(a) of the FDCPA.

21. Section 1692g of the FDCPA requires a debt collector to send the debtor a "validation of debt" notice within five days after the initial communication with the consumer. 15 U.S.C. § 1692g(a).

22. PC failed to comply with the legal requirement imposed on it by the FDCPA by sending the required validation letter within five (5) days of its initial communication with Plaintiff.

23. On April 21, 2020, over a month after its email to Plaintiff, and well beyond the mandated five (5) days, PC sent a letter to Plaintiff captioned "Notice of Default and Demand for Payment," in connection with the Loan. A copy of the April 21, 2020 letter is attached at ***Exhibit 2***.

24. 15 U.S.C. 1692e provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of–
>
> (A) the character, amount, or legal status of any debt; . . .

25. The April 21, 2020 letter, Exhibit 2, falsely represents to Plaintiff that the original principal amount of the Loan is $83,000.00 when, in fact, the correct amount was $87,000.00. This false statement lead Plaintiff to be confused and to question the accuracy of the amounts PC claimed to be due.

26. Plaintiff retained counsel to represent him with respect to the attempt by PC to collect the Loan and to help him seek redress by filing the instant action. Counsel reviewed the initial communication and the April 21, 2020 letter and consulted with Plaintiff regarding the same. Plaintiff incurred attorney fees to his counsel for this work.

27. Additionally, Plaintiff has incurred filing fees and attorney fees and costs to consult with attorneys and to have those attorneys bring the instant action.

## COUNT ONE

## [VIOLATION OF THE FDCPA]

28. Plaintiff restates and incorporates all of his statements and allegations contained in paragraphs 1 through 27.

29. PC violated §1692g(a) of the FDCPA by failing to provide to Plaintiff a validation notice within five (5) days of its initial communication with Plaintiff on March 19, 2020.

30. PC violated §1692e by misrepresenting to Plaintiff the amount of the Loan in the April 21, 2020 letter, Exhibit 2.

31. Plaintiff suffered actual damages as set forth *infra*.

32. Plaintiff suffered informational damage because he was deprived of the required notice.

33. Pursuant to §1692k of the FDCPA, Plaintiff is entitled to recover from PC actual damages, statutory damages up to $1,000, the costs of this action, together with reasonable attorney's fees as determined by the Court.

**WHEREFORE,** the Plaintiff prays for the entry of judgment in his favor and against PC, as follows:

1. For Statutory damages of up to $1,000.00 for violation of the FDCPA;

2. For actual damages, all costs and reasonable attorney's fees; and

3. For all other relief this Court may deem just and proper.

## JURY DEMAND

Plaintiff, Mohamed Ali Zahedi, hereby respectfully demands a trial by jury on all claims.

*Respectfully submitted,*

**MOHAMED ALI ZAHEDI**

*/s/ Rusty A. Payton*
Rusty A. Payton
PAYTON LEGAL GROUP
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Arthur C. Czaja
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Ave.
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com

*Counsel for Plaintiff*